## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BISMARY DIAZ, Administrator | : | CIVIL ACTION |
| Of the Estate of Angel Aviles | : | |
| | : | |
| v. | : | |
| | : | |
| EMPIRE FIRE AND MARINE INSURANCE | : | |
| COMPANY, TERRELL JOHNSON and | : | |
| SIXT RENT A CAR, LLC | : | NO. 24-1549 |

### <u>MEMORANDUM OPINION</u>

Savage, J.                                                    July 31, 2024

Plaintiff, as the administrator of her late son's estate, filed this action in Pennsylvania state court seeking a declaration that Empire Fire and Marine Insurance Company, Inc. ("Empire") has a duty to indemnify Terrell Johnson up to $1,000,000 in a wrongful death action arising out of a motor vehicle collision resulting in her son's death. In that declaratory judgment action, plaintiff named as defendants Johnson, the operator of the rental vehicle that struck and killed the plaintiff's decedent; Sixt Rent A Car, LLC ("Sixt"), which rented the vehicle to Johnson; and Empire, which provided insurance coverage on the rental vehicle.

Asserting diversity jurisdiction, Empire removed the action. Diaz moves to remand, arguing that Empire failed to obtain consent for removal from Johnson and Sixt. Opposing remand, Empire contends that Johnson and Sixt are nominal defendants whose Pennsylvania citizenship must be ignored and whose consent was not necessary. Diaz counters that they are not nominal parties whose citizenship destroys diversity.

We conclude that Johnson is a necessary and indispensable party and Sixt is not. Johnson, as the insured, is not a nominal party. He has a protectable interest in the

action—his right to indemnification from Empire.  He is aligned with the plaintiff. Disregarding Sixt's citizenship and realigning Johnson, there is complete diversity and Johnson's consent was not necessary.  Therefore, we shall deny the motion to remand.

## Background

In the underlying wrongful death action, Johnson testified that he purchased supplemental liability insurance on his Sixt rental car.[1]  Diaz alleges that according to Sixt's United States Rental Guidelines, supplemental liability insurance provides third-party liability protection up to $1,000,000 per accident.[2]

Sixt produced the declarations page for the policy issued by Empire to cover Sixt's rental cars.[3]  The policy limits bodily injury liability coverage to $15,000 per person.[4]  Diaz alleges that Johnson and Sixt have not produced a receipt or signed copy of the rental agreement contract.[5]

---

[1] Declaratory Judgment Compl. ¶ 10 (attached as Ex. A to Notice of Removal, ECF No. 1 ["Notice of Removal"]), ECF No. 1-1 ["Compl."] (citing Johnson Dep. Tr. 34:9-12, attached as Ex. A to Compl.).

[2] *Id.* ¶ 12.

[3] *Id.* ¶ 14.

[4] *Id.* ¶ 15 (citing Rental Auto Declarations, attached as Ex. C to Compl.).

[5] *Id.*  ¶¶ 11, 13.  Sixt produced an unsigned document that appears to list the terms of Johnson's rental purchase.  *See* Sixt Rental Contract (attached as Ex. B to Compl.).  Supplemental liability insurance is not listed among the charges, and the document notes "You decline to purchase any supplemental liability insurance."  *Id.*

Diaz and Johnson are Pennsylvania citizens.[6]  Sixt is a Delaware limited liability corporation with its principal place of business in Pennsylvania.[7]  Empire is an Illinois corporation with its principal place of business in Illinois.[8]

Diaz moves to remand for lack of subject matter jurisdiction.  She disputes Empire's claim that Johnson and Sixt are nominal parties.[9]  She contends that there is no diversity because she and defendant Johnson are both residents of Pennsylvania.[10]  Diaz argues that Empire did not have the other defendants' consent to remove.[11]

## Standard of Review

A defendant removing a case from state court under § 1332(a) bears the burden of demonstrating that the opposing parties are citizens of different states and the amount in controversy exceeds $75,000.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83–84 (2014); *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018); *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 150 (3d Cir. 2017) (citation omitted).  Additionally, removal statutes are strictly construed against removal, and all doubts are resolved in favor of remand.  *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (citation omitted); *Brown v. JEVIC*, 575 F.3d 322, 326

---

[6] Compl. ¶¶ 1, 5.

[7] *Id.* ¶ 6.  None of the members are citizens of Pennsylvania.

[8] Notice of Removal ¶ 7.  Diaz alleges Empire's principal place of business is in Nebraska.  Compl. ¶ 4.  The discrepancy is immaterial, as neither party argues Empire is a resident of Pennsylvania for purposes of diversity jurisdiction.  For purposes of this motion, we consider Empire's principal place of business to be Illinois.

[9] Pl.'s Mem. of L. in Supp. of Mot. to Remand 9–11, ECF No. 6 ["Pl.'s Br."].

[10] *Id.* at 7–8.

[11] *Id.* at 11.

(3d Cir. 2009).

## Analysis

### *Diversity Jurisdiction*

Federal district courts have original jurisdiction of all civil actions "between . . . citizens of different States."   28 U.S.C. § 1332(a)(1).   Diversity must be complete. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).   Thus, where a plaintiff and a defendant are citizens of the same state, the federal court does not have diversity jurisdiction.   *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (citation omitted).

### *Nominal Parties*

Under the "unanimity rule," all defendants who have been properly joined and served must join in or consent to removal.   28 U.S.C. § 1446(b)(2)(A).   However, the consent of nominal parties is not required.   *Balazik v. Cnty. of Dauphin*, 44 F.3d 209, 213 n. 4 (3d Cir. 1995).

Diversity jurisdiction rests on the citizenship of "real and substantial parties to the controversy."   *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 358 (3d Cir. 2013). In determining whether there is diversity jurisdiction, a court must disregard the citizenship of nominal parties.   *Walsh v. Defs., Inc.*, 894 F.3d 583, 589 (3d Cir. 2018); *SmithKline,* 724 F.3d at 358 (citing *Navarro Savings Ass'n v. Lee*, 446 U.S. 458 (1980)).

A nominal party is one without a "real interest in the litigation."   *Walsh*, 894 F.3d at 589 (quoting *SmithKline,* 724 F.3d at 358).   Nominal parties are "neither necessary nor indispensable" to the action.   *Mallalieu-Golder Inc. Agency, Inc. v. Executive Risk Indemnity Inc.*, 254 F. Supp. 2d 521, 524–25 (M.D. Pa. 2003) (quoting *Farias v. Bd. of*

4

*Trustees*, 925 F.2d 866, 871 (5th Cir. 1991)).  A party is only "necessary" if it has a legally protected interest in the action.  *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 230 (3d Cir. 2005).  A financial interest alone is not sufficient.  *Id.*

Under Federal Rule of Civil Procedure 19, a party is necessary if, "in that person's absence, the court cannot accord complete relief among existing parties."  Fed. R. Civ. P. 19(a)(1)(A); *see also Mallalieu-Golder Inc.*, 254 F. Supp. 2d at 525.  In short, a defendant is a nominal party if the plaintiff states no cause of action or seeks no relief from it.  *Dietz v. Avco Corp.*, 168 F. Supp. 3d 747, 759 (E.D. Pa. 2016); *see also CFTC v. Kimberlynn Creek Ranch, Inc.*, 276 F.3d 187, 192 (4th Cir. 2002); *Farias*, 925 F.2d at 871–72.

Empire argues that Johnson and Sixt are nominal parties because Diaz does not state a cause of action against either of them.[12]  Empire claims that Johnson and Sixt's interests in the outcome of this action are merely financial.[13]  According to Empire, because Diaz's only claim for relief is for insurance coverage from Empire, Johnson and Sixt are nominal parties.  Diaz disagrees.  They are both wrong.

The district court cases Empire relies upon do not apply here.  Unlike the instant action, those cases involved declaratory judgment actions between tortfeasors and their insurers.  *See Yakitori Boy, Inc. v. Starr Indem. & Liab., Co.*, No. CV 18-4094, 2019 WL 199904 (E.D. Pa. Jan. 14, 2019); *Affinity Land Servs., LLC v. Am. Safety Indem. Co.*, No. CV 15-6560, 2016 WL 1221453 (E.D. Pa. Mar. 29, 2016); *Mallalieu-Golder*, 254 F. Supp.

---

[12] Br. of Empire Fire and Marine Ins. Co. in Supp. of its Reply to Pl.'s Mot. for Remand 7–8, ECF No. 11 ["Empire's Br."].

[13] *Id.* at 6.

2d at 524.  The question in those cases was whether the underlying tort claimant was a nominal party.  The courts reasoned that because the tort claimant's only interest in the declaratory judgment action was a financial interest in recovering tort damages, they were nominal defendants.

Here, the question is whether the insured tortfeasor has a legally protectable interest in a declaratory judgment action between an underlying tort claimant and the tortfeasor's insurer.  We conclude that he does.

The relief Diaz seeks is an order declaring that Empire "has a duty to indemnify Defendant Johnson" in the underlying action up to $1,000,000.[14]  The outcome of this litigation will determine the extent of Johnson's right to indemnification under Empire's supplemental liability insurance policy.  In other words, Johnson's interest in this action is his right to indemnification.  Thus, because Johnson's right to indemnification is a legally protected interest, he is not a nominal party and his citizenship must be considered for purposes of determining diversity jurisdiction.

Sixt, on the other hand, has no legally protected interest in this action.  Diaz asserts no claim for relief against Sixt.  She does not seek a declaration regarding Sixt's right to indemnification.  Diaz could achieve complete relief in this action even in Sixt's absence. Because Sixt has no legal interest in this action, it is a nominal party.  Therefore, Empire did not require its consent for removal.

*Realignment*

Having determined that Johnson is not a nominal party, we must consider whether he is properly aligned as a defendant or a plaintiff.  If he is properly aligned as a defendant,

---

[14] Compl. ¶ 17.

his Pennsylvania citizenship will destroy diversity jurisdiction.  If he is realigned as a plaintiff, diversity of citizenship will be preserved.

Diversity jurisdiction cannot be based on the parties' own determination of who is a plaintiff and who is a defendant.  *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69 (1941).  Before determining jurisdiction, we must "look beyond the pleadings" to realign the parties according to their actual interests.  *Id.*; *see also Dev. Fin. Corp. v. Alpha Housing & Health Care, Inc.,* 54 F.3d 156, 160 (3d Cir. 1995) (quoting *In re Texas E. Transmission Corp. PCB Contamination Ins. Coverage Litig.*, 15 F.3d 1230, 1241 (3d Cir. 1994)) ("'[W]here party designations have jurisdictional consequences,' we must align the parties before determining jurisdiction.").

The Third Circuit applies the "principal purpose" or "primary issue" test to determine when realignment is necessary.  *Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 704 (3d Cir. 1996).  The court "must first identify the primary issue in controversy and then determine whether there is a real dispute by opposing parties over that issue."  *Id.* (quoting *Emps. Ins. of Wausau v. Crown Cork & Seal Co.*, 942 F.2d 862, 864 (3d Cir. 1991)).

Empire argues Johnson should be realigned as a plaintiff because Diaz and Johnson have a shared interest in Empire extending Johnson additional coverage in the underlying tort litigation.[15]  Diaz maintains that Johnson should not be realigned because he has not filed any pleadings in which he aligns himself with Diaz.[16]

---

[15] Empire's Br. 9.  Empire argues that Sixt should also be realigned as a plaintiff.  Because we have already concluded that Sixt is a nominal party whose citizenship we disregard for purposes of diversity jurisdiction, we do not address whether Sixt should be realigned as a plaintiff.

[16] Pl.'s Br. 12.

As we have noted, Diaz's sole claim in this action is a declaration that Empire must indemnify Johnson in the underlying tort action.  The principal purpose of this action is to determine Johnson's rights to indemnification pursuant to Empire's supplemental insurance policy.  *See Crown Cork,* 942 F.2d at 866 (finding that the primary purpose in declaratory judgment action was to determine the insurer's duty to defend and indemnify the insured).

Diaz and Johnson are not at odds over indemnification.  Diaz has an interest in Johnson's right to indemnification so that she can maximize her recovery in the underlying litigation.  Johnson has an interest in his right to indemnification so he can minimize his exposure in the underlying action.  There is no real dispute between Johnson and Diaz in this case.  There is between Johnson and Empire.  *See Emps. Ins. of Wausau,* 942 F.2d at 866 (noting that the primary dispute in declaratory judgment action "was between the insurers and the insured"); *see also Yakitori Boy, Inc.,* 2019 WL 199904, at *4 (aligning underlying tort claimant and insured tortfeasors as plaintiffs in declaratory judgment action based on their shared interest in securing additional coverage); *Ramara, Inc. v. Westfield Ins. Co.,* No. 13-7086, 2014 WL 12607757, at *4 (E.D. Pa. Jan. 2, 2014) (holding the same); *Chancellor Props., Inc. v. Houston Cas. Co.,* No. 9-4514, 2009 WL 3790309, at *2 (E.D. Pa. Nov. 12, 2009) (holding the same).  Johnson's actual interest regarding the primary issue in controversy is aligned with those of Diaz and not with Empire.  Therefore, we realign Johnson as a plaintiff.

Having realigned Johnson as a plaintiff, there is diversity of citizenship.  Both Johnson and Diaz are citizens of Pennsylvania, and Empire is a citizen of Illinois.  Because there is diversity of citizenship, we have subject matter jurisdiction over this

action.

Empire's removal was not defective.  The unanimity rule requires the consent of all defendants for proper removal.  28 U.S.C. § 1446(b)(2)(A).  Because Johnson has been realigned as a plaintiff, Empire did not require his consent to remove.  Because Sixt is a nominal party whose citizenship is disregarded, Empire did not need its consent to remove.

## Conclusion

Because there is diversity of citizenship and the amount in controversy exceeds $75,000.00, we have subject matter jurisdiction.  Therefore, the motion to remand shall be denied.